**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 26-10649-CGB** |
| | § | |
| **SHAN'A L. WALLACE** | § | **CHAPTER 13** |
| **Debtor** | § | |
| | § | |
| **vs** | § | **CONTESTED MATTER** |
| | § | |
| **BRIAN S. WEST, AND** | § | |
| **WEST LEGAL GROUP, PLLC** | § | |
| **Respondent (s)** | § | **JUDGE: CHRISTOPHER G. BRADLEY** |

# RESPONDENT'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO VACATE ORDER OF DISMISSAL

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**NOW COMES**, **BRIAN S. WEST AND WEST LEGAL GROUP, PLLC** *(collectively, "Respondents"),* herein in the above-numbered and styled bankruptcy case, and file this *Response in Opposition to Debtor's Motion to Vacate Order of Dismissal,* stating as grounds therefor the following:

The Debtor's request that the Court vacate the dismissal of this Chapter 13 case should be denied because the Debtor has not established any basis for relief under the Federal Rules of Bankruptcy Procedure and applicable law.

The record shows that this case was dismissed because the debtor failed to timely file the required documents, including the Schedules, Chapter 13 Plan Summary, and failed to provide the information necessary to complete the case. Debtor's later complaints concerning Counsel, communication issues, do not justify vacating the dismissal.

## FACTUAL BACKGROUND

On April 10, 2026, Brian S. West, Attorney at Law with West Legal Group, PLLC, filed a Chapter 13 Bankruptcy Petition on behalf of the Debtor, Shan'a L. Wallace. The case was filed on an emergency basis to obtain the return of the Debtor's vehicle, which had been repossessed. The Debtor advised our office that she required the vehicle for transportation to and from her employment and to transport her children to and from school.

At the time of filing, the Debtor was informed that additional documentation would be required to complete her bankruptcy case and Chapter 13 Plan. Specifically, the Debtor was instructed to complete her bankruptcy worksheet and provide West Legal Group, PLLC, with all requested documentation, including but not limited to bank statements, federal income tax returns, pay advices, and any other financial records necessary to prepare and finalize her Chapter 13 Bankruptcy Petition, Schedules, Statement of Financial Affairs, and Chapter 13 Plan Summary.

These requirements and the Debtor's obligations to provide the requested information were set forth in the Chapter 13 Retainer Agreement executed by the Debtor, a true and correct copy of which is attached hereto as Exhibit "A."

On April 21, 2026, Brenda Lopez, a paralegal with West Legal Group, PLLC, sent an email to Ms. Wallace requesting the information and documentation that remained outstanding and necessary to complete her Chapter 13 Bankruptcy case. The correspondence specifically identified the missing documents and information required to prepare and file the Debtor's complete Chapter 13 Schedules, Statement of Financial Affairs, and Chapter 13 Plan.

The email further advised Ms. Wallace regarding the estimated Chapter 13 plan payment and addressed concerns relating to her reported income and her apparent inability to fund the proposed plan payment. Ms. Lopez also informed Ms. Wallace that the Court's fourteen (14) day

deadline for filing the remaining required bankruptcy documents was rapidly approaching and that only four (4) days remained before the deadline would expire.

Additionally, Ms. Lopez provided Ms. Wallace with a specific deadline by which outstanding information and documentation were required to be submitted to West Legal Group, PLLC. The correspondence expressly advised Ms. Wallace that any delay in providing the requested information or a failure to provide the necessary documentation could result in the automatic dismissal of her bankruptcy case by the Court. A true and correct copy of this correspondence is attached hereto as Exhibit "B."

On April 24, 2026, Brenda Lopez, a paralegal with West Legal Group, PLLC, emailed Ms. Wallace to schedule a telephone conference regarding the outstanding documentation and information required to complete her Chapter 13 Bankruptcy case, as reflected in Exhibit "C."

On April 25, 2026, Ms. Lopez conducted a telephone conference with Ms. Wallace. During this conference, Ms. Lopez reviewed the prior correspondence regarding the missing documentation and discussed the potential consequences of failing to provide the requested information, including the possibility that the Court could dismiss the case for failure to timely file the required schedules, statements, and Chapter 13 Plan.

Ms. Lopez also explained the Court's filing requirements, including the requirement that certain bankruptcy documents requiring original signatures be executed with blue ink ("wet signatures") before they could be filed with the Court. Ms. Wallace advised that she had previously signed a Chapter 13 Plan Summary electronically. Ms. Lopez informed her that the electronically signed Plan Summary would not satisfy the Court's requirements and that properly executed original documents bearing blue-ink signatures would be required.

Additionally, Ms. Lopez advised Ms. Wallace that, because this was her second bankruptcy filing, a Motion to Extend the Automatic Stay would need to be filed to preserve the protection of the automatic stay beyond the statutory period. Ms. Lopez explained the purpose of the motion and the importance of obtaining an extension of the stay to protect Ms. Wallace from creditor collection efforts during the pendency of the case.

During the conference, Ms. Lopez further discussed the Debtor's proposed Chapter 13 Bankruptcy, Chapter 13 Plan Summary, available payment options, and the wage order process. Ms. Wallace was also provided with contact information for the Chapter 13 Trustee, Deborah B. Langehennig, and was advised that she could contact the Trustee's office or visit the Trustee's website to obtain information regarding available methods for making Chapter 13 plan payments.

Finally, Ms. Lopez informed Ms. Wallace that West Legal Group, PLLC, intended to file a Motion to Extend Time to File Required Documents to provide additional time for the Debtor to submit the outstanding information and documentation necessary to complete her bankruptcy filing.

On April 25, 2026, Ms. Wallace forwarded an email to Brenda Lopez containing four (4) pay advices, proof of homeowner's insurance, and proof of vehicle insurance, as reflected in Exhibit "D." While these documents were received, they did not fully comply with the requests previously made by Ms. Lopez and were insufficient to complete the Debtor's Chapter 13 Bankruptcy Petition, Schedules, Statement of Financial Affairs, and Chapter 13 Plan.

Between April 28, 2026, and April 29, 2026, email communications were exchanged between Ms. Lopez and Ms. Wallace regarding the status of her case and the outstanding information required to complete her bankruptcy filing, as reflected in Exhibit "E."

On May 2, 2026, and May 3, 2026, additional emails were exchanged in an effort to schedule further communication between Ms. Lopez and Ms. Wallace to discuss the outstanding documentation and requirements necessary to proceed with her case, as reflected in Exhibit "F."

On May 11, 2026, Ms. Wallace forwarded an email to Ms. Lopez regarding documents filed with the Court and other matters related to her bankruptcy case, as reflected in Exhibit "G."

On May 22, 2026, West Legal Group, PLLC, sent correspondence to Ms. Wallace summarizing the status of her current Chapter 13 case, referencing her previously dismissed bankruptcy case, and outlining the firm's repeated efforts to obtain the information and documentation necessary to prepare and maintain a complete and successful bankruptcy filing. A true and correct copy of this correspondence is attached as Exhibit "H."

Throughout the representation, West Legal Group, PLLC maintained regular communication with Ms. Wallace regarding her case. Multiple telephone conferences and email communications were conducted in an effort to explain the requirements of the bankruptcy process, the importance of timely providing requested documentation, and the necessity of reviewing and executing bankruptcy schedules and related pleadings.

I personally communicated with Ms. Wallace on multiple occasions and instructed her regarding the importance of complying with requests from my office and scheduling appointments to review and execute the required bankruptcy documents. In an effort to accommodate her schedule and facilitate completion of her case, members of my staff made themselves available during evenings, weekends, and outside normal business hours. Additionally, Ms. Wallace was offered the opportunity to come to our office to review and execute her bankruptcy documents in person.

Despite these efforts, communication between Ms. Wallace and my office became increasingly difficult. Ms. Wallace frequently challenged the advice and instructions provided by my office, failed to timely provide requested information, and did not consistently cooperate with efforts to complete her bankruptcy filing. In addition, Ms. Wallace posted negative online reviews concerning my firm and members of my staff, as reflected in Exhibit "I." She also engaged in communications with my office that my staff and I perceived as hostile, disrespectful, and confrontational.

As a result of the breakdown in communication, the lack of cooperation necessary to effectively represent her interests, and the deterioration of the attorney-client relationship, I determined that continued representation of Ms. Wallace was no longer feasible. Accordingly, West Legal Group, PLLC, terminated the attorney-client relationship.

Based upon my interactions with Ms. Wallace, her prior bankruptcy filing history, her failure to provide information necessary to complete her case, and her lack of cooperation throughout the representation, I believe that further representation would not serve the interests of either the Debtor or my firm and would substantially impair my ability to effectively represent her in this matter.

## ARGUMENT

### A. Debtor has not established a legal basis to vacate the dismissal

A motion to vacate dismissal is not granted as a matter of course. Debtors must establish a recognized basis for relief under the Federal Rules of Bankruptcy Procedure and applicable law.

To the extent the Motion is construed under Federal Rule of Bankruptcy Procedure 9023, which applies Rule 59(e), Debtor must show an intervening change in controlling law, newly

discovered evidence, or a clear error of law or fact resulting in manifest injustice. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (reconsideration after entry of judgment is an extraordinary remedy that should be used sparingly); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (a Rule 59(e) motion cannot be used to raise arguments that could, and should, have been made before the judgment issued).

To the extent the Motion is construed under Federal Rule of Bankruptcy Procedure 9024, which applies Rule 60(b), the Debtor must establish one of the limited grounds for extraordinary relief, such as mistakes, inadvertence, surprise, excusable neglect, fraud, misrepresentation, or other exceptional circumstances. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (whether neglect is excusable is an equitable determination weighing the danger of prejudice, the length of and reason for the delay, whether the delay was within the movant's reasonable control, and the movant's good faith). Moreover, a Rule 60(b) motion is not a substitute for a timely appeal, *Dunn v. Cockrell*, 302 F.3d 491, 493 (5th Cir. 2002), and relief under Rule 60(b)(6) is reserved for extraordinary circumstances, *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Debtor's Motion does not satisfy either standard.

**B. Counsel-related complaints do not, by themselves, justify reinstating the case.**

Debtor alleges that counsel was not licensed, unresponsive, misleading, or otherwise at fault. Respondents deny any misconduct. In any event, those allegations do not excuse Debtor's failure to timely provide the information and signed documents required to complete the Chapter 13 filing. Even if Debtor's allegations against counsel were credited, a client is bound by, and held accountable for, the acts and omissions of chosen counsel. *See Pioneer Inv. Servs. Co. v. Brunswick*

*Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97 (1993); *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962).

The record reflects that Respondents repeatedly communicated with Debtor, requested the necessary materials, and attempted to assist Debtor in completing the case. Debtor's disagreement with those efforts or dissatisfaction with the representation does not, without a proper evidentiary showing, warrant vacatur of the dismissal.

A debtor seeking Chapter 13 relief must comply with the Bankruptcy Code, the Bankruptcy Rules, and Court orders. The inability or failure to complete the required filings cannot be cured simply by asserting generalized dissatisfaction with counsel after dismissal has entered.

**C. Debtor's request for additional time does not justify relief on this record.**

Debtor also requests time to find new licensed counsel. That request does not establish a basis to vacate the dismissal.

The case was dismissed because the required Plan and Schedules were not timely filed. Debtor's later desire to substitute counsel does not change the underlying filing deficiencies or create a legal basis to reopen the case, absent a proper showing under the applicable rules.

If Debtor believes a separate claim exists concerning counsel's conduct, that issue is independent from whether the dismissal order should be vacated in this bankruptcy case.

D. **Debtor is not entitled to punitive or other affirmative relief against Respondents.**

To the extent the Motion or supporting materials seek broader relief against Respondents including any suggestion that the Court should bar future filings or grant punitive relief, such requests are unsupported and should be denied.

Likewise, Respondents request that the Court decline any relief that would excuse Debtor's noncompliance with filing obligations without a proper factual and legal basis.

**WHEREFORE, PREMISES CONSIDERED**, for the foregoing reasons, Respondents respectfully request the Court deny Debtor's Motion to Vacate Dismissal in its entirety and grant such other and further relief to which Respondents may be justly entitled.

Date: June 11, 2026

Respectfully submitted,

**WEST LEGAL GROUP, PLLC**

/s/ Brian S. West

**BRIAN S. WEST**
State Bar No. 5782X00BAL
9450 Pinecroft Dr. Unit 7385
Spring, Texas 77387
Phone: 713-588-9099
Email: info@westlegalgroup.com

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 26-10649-CGB** |
| | § | |
| **SHAN'A L. WALLACE** | § | **CHAPTER 13** |
| **Debtor** | § | |
| | § | |
| **vs** | § | **CONTESTED MATTER** |
| | § | |
| **BRIAN S. WEST, AND** | § | |
| **WEST LEGAL GROUP, PLLC** | § | |
| **Respondent (s)** | § | **JUDGE: CHRISTOPHER G. BRADLEY** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing *Response in Opposition to Debtor's Motion to Vacate Dismissal* was served upon the following entities by United States Mail, first class, and/or via the Court's electronic filing system, upon all parties entitled to notice on this the 11th day of June 2026.

**Debtor**
Shan'a L. Wallace
369 LBJ Lane
Kyle, Texas 78640

**Trustee**
Deborah B. Langehennig
PO Box 91419
Austin, Texas 78709
mschoppe@ch13austin.com

**Trustee**
United States Trustee,
903 San Jacinto Blvd, Suite 230
Austin, Texas 78701

**Unsecured Creditors**
Please see attached Creditor Matrix

Respectfully submitted,

**WEST LEGAL GROUP, PLLC**

/s/ Brian S. West
**BRIAN S. WEST**
State Bar No. 5782X00BAL
9450 Pinecroft Dr. Unit 7385
Spring, Texas 77387
Phone: 713-588-9099
Email: info@westlegalgroup.com

# **Creditor Matrix**

AmeriCredit Financial Services, Inc
Po Box 183853
Arlington, TX 76096-3853

Ecoshield
275 E. Rivulon Blvd, Suite 106
Gilbert, AZ 85297

Freedom Mortgage
951 Yamato Road Suite 175
Boca Raton, FL 33431

Nelnet
121 South 13th Street, Suite 100
Lincoln, NE 68508

Safe Haven Security
520 E 19th Ave
North Kansas City, MO 64116

Sprint PCS/T-Mobile
500 E Ben White Boulevard, Suite 300
Austin, TX 78701

Talavera Residential Community, Inc.
11950 Jollyville Rd.
Austin, TX 78759
University Federal Credit Union
8303 N Mopac Expy
Austin, TX 78759

Verizon Wireless
9701 Dessau
Austin, TX 78701