

**Dated: June 23, 2026.**

_____
**CHRISTOPHER G. BRADLEY**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| **In re:** | § § § | |
| **SHAN'A WALLACE,** | § § | **Case No. 26-10649-cgb** |
| **Debtor.** | § § § | **Chapter 13** |
| | § | |

## <u>ORDER FOR ATTORNEY BRIAN WEST TO SHOW CAUSE</u>

### Background

Attorney Brian West filed this chapter 13 case on behalf of the Debtor, Shan'a Wallace, on April 10, 2026. On April 22, 2026, Mr. West filed *Debtor's Emergency Motion to Extend Time to File Required Documents* [ECF No. 8] (the "<u>Motion to Extend</u>"). The Motion to Extend was dismissed for several types of lack of compliance with local rules.[1] In addition to the listed deficiencies, the Court's subsequent review of this filing reveals that the Motion to Extend incorrectly states when the case was filed; incorrectly states the day that the schedules and statements were due; incorrectly lists "Shan'a Wallace and Maria A. Garcia" as the debtor on

---

[1] ECF No. 9.

1

the certificate of service; lists an address for the debtor's address on the certificate of service that is different than her address on the docket and thus also appears to be incorrect; and cites "FRBP 10013(c)," which does not exist, as a legal authority.

Mr. West never filed a corrected motion to extend time. No schedules, statements, or chapter 13 plan were ever filed in this case.

On May 19, 2026, the Debtor's case was dismissed for failure to timely file a plan or schedules.[2] On May 28, 2026, the Debtor filed a pro se *Motion to Vacate Dismissal* [ECF No. 19]. The Debtor's motion asked the Court to vacate the summary dismissal order because of concerns about her attorney.[3] In specific, Ms. Wallace discovered that Mr. West is not licensed to practice in Texas and was understandably concerned. In fact, Mr. West is apparently licensed to practice in Alabama and is admitted to practice in the Western District of Texas federal courts. Still, the Court notes that Mr. West has used an address in Spring, Texas, in his filings, and if he is practicing in Texas outside of the federal courts in which he is admitted, he may be unlawfully engaging in the practice of law in the state of Texas.[4]

After a hearing, the Court denied the motion to vacate.[5]

## Legal Standard

This Court has the "inherent authority to discipline an attorney" who appears before it.[6] Section 105(a) of the Bankruptcy Code and the Local Rules of the United States District Court for the Western District of Texas provide the bankruptcy court "the power to conduct a disciplinary hearing and discipline the attorneys who practice before it."[7]

---

[2] ECF No. 15.

[3] ECF No. 19 at 1.

[4] *See* Tex. Disciplinary Rules Prof'l Conduct R. 5.05(d), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9)).

[5] *See* ECF No. 26.

[6] W.D. Tex. Att'y R. AT-7(d); *see also Steinberg v. Alvarado (In re Alvarado)*, No. Civ.SA-03-CA-0295-RF, 2003 WL 22097092, at *5 (W.D. Tex. July 29, 2003) ("The authority of a Bankruptcy Judge to order disciplinary sanctions is clear."). District Court Rule AT-7 undoubtedly applies to this Court. *See In re Luna*, Nos. 03-50956, 02-54849, 2004 WL 1618824, at *3 (W.D. Tex. July 19, 2004) (discussing the application of then-rule AT-1, which is the same text as current rule AT-7).

[7] *Cunningham v. Ayers (In re Johnson)*, 921 F.2d 585, 586–87 (5th Cir. 1991).

An attorney practicing before this Court is bound by the Texas Disciplinary Rules of Professional Conduct, as adopted by the United States District Court for the Western District of Texas.[8] "For matters not covered by the Texas rules, the American Bar Association's Model Rules of Professional Conduct should be consulted."[9]

The Code of Conduct for United States Judges provides that "a judge should take appropriate action upon receipt of reliable information indicating the likelihood that . . . a lawyer violated applicable rules of professional conduct."[10] Additionally, a judge in the Western District of Texas may refer an attorney to the District Disciplinary Committee upon belief that, *inter alia*, an attorney "has engaged in conduct that violates the Texas Disciplinary Rules of Professional Conduct," "presents an impediment to the orderly administration of justice or the integrity of the court," or "represents a client in such a manner as to raise a serious question concerning the quality of the attorney's professional performance."[11]

## Analysis

### A. Mr. West's Filings [ECF Nos. 23 and 24] appear to breach his ethical duties.

On June 11, 2026, Mr. West filed *Respondent's Response in Opposition to Debtor's Motion to Vacate Order of Dismissal* (the "Response") [ECF No. 23]. This Response was baffling to the Court, because Mr. West is not a "respondent" in this proceeding–he was listed as the Debtor's counsel of record in this case.[12] Yet Mr. West's Response repeatedly explicitly asked this Court to deny the Motion to Vacate

---

[8]W.D. Tex. Att'y. R. AT-7(a); *but see Resol. Tr. Corp. v. Bright*, 6 F.3d 336, 341 (5th Cir. 1993) ("The Texas Disciplinary Rules of Professional Conduct do not expressly apply to sanctions in federal courts, but a federal court may nevertheless hold attorneys accountable to the state code of professional conduct." (collecting cases)).

[9] W.D. Tex. Att'y. R. AT-7(a).

[10] U.S. Judicial Conf., *Code of Judicial Conduct for U.S. Judges*, Canon 3(B)(6) (Mar. 2019).

[11] W.D. Tex. Att'y. R. AT-7(c)(4), (6), and (7).

[12] Mr. West filed as an exhibit an email dated May 22, 2026, that purported to terminate his firm's representation of the debtor. Brian West Ex. H, ECF No. 24-8. However, Mr. West never filed a motion to withdraw in this case. *See* Bankr. W.D. Tex. R. 9010-1(a). Because this case was dismissed on May 19, 2026, and Mr. West's representation of the Debtor did not terminate until May 22, 2026, it is understandable that he did not file the motion to withdraw at that time. Therefore, although no motion to withdraw was filed or granted, the Court will presume for disciplinary purposes that Mr. West no longer represented the Debtor as of May 22, 2026.

and included a proposed order denying the Motion.[13] Mr. West purports to have withdrawn from representation of the Debtor on May 22, 2026.[14] Even upon terminating representation, Mr. West still had a duty to "take steps to the extent reasonably practicable to protect [his] client's interests," which in no way included advocating *against* the Debtor.[15] In addition, under the Texas Disciplinary Rules of Professional Conduct, "a lawyer who has formerly represented a client in a matter . . . shall not thereafter use information relating to the representation of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known."[16]

Mr. West's response discussed and disclosed his office's communications with the Debtor in the course of representation. It also revealed information about the Debtor's personal circumstances that Mr. West learned in the course of representation. Equally concerning to the Court are the exhibits Mr. West filed on the docket in advance of the hearing.[17] Exhibits B–H consist of emails between Mr. West's staff and his client, the Debtor. Exhibit K is the affidavit of Mr. West's paralegal, which details discussions with the Debtor about the Debtor's case and about specific legal advice rendered to the Debtor.

In the hearing, Mr. West himself appeared to backpedal on his Response's opposition to the Debtor; to the Court it seemed reasonably likely that he was in fact unaware of the content of this Response and had not reviewed it prior to its having been filed, which raises other professional responsibility concerns.[18]

The Texas Disciplinary Rules of Professional Conduct distinguish between privileged and unprivileged client information, although both are considered "confidential information."[19] Privileged information is information protected by the attorney-client privilege, while unprivileged information is "all information relating

---

[13] ECF No. 23 at 1, ECF No. 23-1. The Response, at times, seems to acknowledge that any claims of attorney misconduct are "independent from whether the dismissal order should be vacated" and yet still behaves as if Mr. West is a respondent to the Motion to Vacate. ECF No. 23 at 8.

[14] Brian West Ex. H, ECF No. 24-8.

[15] *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.16.

[16] Tex. Disciplinary Rules Prof'l Conduct R. 1.09(c)(1).

[17] The exhibits were filed on the docket at ECF No. 24.

[18] Fed. R. Bankr. P. 9011(b); *see also* Tex. Disciplinary Rules Prof'l Conduct R. 5.03, cmt 1 (holding lawyers responsible for the work product of nonlawyer assistants).

[19] Tex. Disciplinary Rules Prof'l Conduct R. 1.05(a).

to a client or furnished by the client, other than privileged information, acquired by the lawyer during the course of or by reason of the representation of the client."[20]

Whether information is privileged is governed by Texas Rule of Evidence 503 and Federal Rule of Evidence 501.[21] The privilege analysis under Federal Rule 501 looks to the common law "as interpreted by United States courts in the light of reason and experience." [22] "The Fifth Circuit has defined attorney-client privileged communications as: 1) confidential communications; 2) made to a lawyer or his subordinate; 3) 'for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.'"[23] A confidential communication is a communication that was "not intended to be disclosed to third parties other than parties reasonably necessary for the transmission of the message or to those to whom disclosure furthers the rendition of legal services."[24]

Similarly, Texas Rule of Evidence 503 protects "confidential communications made to facilitate the rendition of professional legal services to the client." [25] Confidential communications under Texas Rule 503 are defined as communications "not intended to be disclosed to third persons other than those to whom disclosure is made to further the rendition of professional legal services to the client or reasonably necessary to transmit the communication."[26]

Generally, an attorney may not "use confidential information of a former client to the disadvantage of the former client after the representation has concluded" unless the client consents or the information "has become generally known."[27] The prohibition against revealing confidential information has some exceptions. A lawyer may reveal confidential information to defend himself "in a controversy between the lawyer and the client" or against "a criminal charge, civil claim, or disciplinary complaint against the lawyer."[28] A lawyer may reveal *unprivileged* client information if the lawyer "has reason to believe it is necessary to do so" to

---

[20] *Id.*

[21] *Id.*

[22] Fed. R. Evid. 501.

[23] *In re Royce Homes, LP*, 449 B.R. 709, 723 (Bankr. S.D. Tex. 2001) (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)) (citing *United States v. Pipkins*, 528 F.3d 559, 562 (5th Cir. 1976); *Alpert v. Riley*, 267 F.R.D. 202, 208 (S.D. Tex. 2010)).

[24] *Id.*

[25] Tex. R. Evid. 503(b)(1).

[26] Tex. R. Evid. 503(a)(5).

[27] Tex. Disciplinary Rules Prof'l Conduct R. 1.05(b)(3).

[28] *Id.* R. 1.05(c)(5) and (6).

"defend the lawyer . . . against a claim of wrongful conduct" or "respond to allegations in any proceeding concerning the lawyer's representation of the client."[29]

These exceptions largely do not apply here. While Mr. West may have felt the need to defend himself against the allegations in the Motion to Vacate, the reality remains that the Motion to Vacate was not filed *against* him. He was not a respondent. This was not "a controversy between the lawyer and the client" and therefore, it was impermissible for Mr. West to use his former client's confidential information while advocating against her.[30] That said, it is possible that some of Mr. West's use of unprivileged client information in his motion may have been permissible to the extent that it was used to "respond to allegations . . . concerning the lawyer's representation of the client."[31]

### B. Mr. West's firm's public response to a Google Review appears to breach his ethical duties.

At the hearing, the Debtor explained that she left Mr. West's law firm, West Legal Group, PLLC, an unfavorable Google review. She testified that someone posted a response to her review on behalf of West Legal Group that shared personal information about her case. The exhibits filed by Mr. West showed part of his firm's response to the Google review, which stated "The dismissal of this individual's Chapter 13 case resulted from the client's failure to make the required bankruptcy plan payments on time, not from any lack of professionalism or effort on the part of our firm."[32]

This small snippet alone is a violation of applicable ethical rules.[33] However, to make matters worse, the Debtor testified that the rest of the response went on to accuse the Debtor of abusing the bankruptcy system. Mr. West explained that his

---

[29] *Id.* R. 1.05(d)(2)(ii) and (iii).

[30] Tex. Disciplinary Rules Prof'l Conduct R. 1.05(c)(5); *see also id.* R. 1.05(b)(3) (stating, with few exceptions, that "a lawyer shall not knowingly use confidential information of a former client to the disadvantage of the former client after the representation is concluded unless the former client consents after consultation or the confidential information has become generally known"); *id.* R. 1.05(a) ("Confidential information includes both privileged information and unprivileged client information.").

[31] *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.05(d)(2)(iii).

[32] Brian West Ex. I, ECF No. 24-9 at 1–2.

[33] *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.05; Tex. Comm. on Prof'l Ethics, Op. 662, 79 Tex. B.J. 706, 706–07 (Oct. 2016). According to the public docket, see ECF No. 15, the Debtor's case was in fact dismissed, for failure to timely file a plan and/or schedules, so information about any delay in her payments was not public.

employee responds to online reviews and claimed that he was unaware of the contents of any response. The full contents of the response were not presented to the Court by any party at the hearing.

Mr. West's claim that he was unaware of the Google review response was not believable. But in any case, under the applicable ethical rules, Mr. West is responsible for and "subject to discipline for" the conduct of his nonlawyer assistants. [34] Additionally, "[a] lawyer should give such assistants appropriate instruction and supervision concerning the ethical aspects of their employment, *particularly regarding the obligation not to disclose information relating to the representation of the client,* and should be responsible for their work product."[35]

After the hearing, on June 16, 2026, the Court entered an *Order to Preserve and Produce Documents,* directing Attorney Brian West to "preserve any copies of responses to the Debtor's online reviews that may have been posted by him or West Legal Group, PLLC" and to "file true and accurate copies of each response" on the docket.[36] Mr. West filed his firm's responses to the Debtor's online reviews on the docket at ECF No. 27. Public access to this document has been restricted.

The Court has reviewed the Google review responses. To avoid further violating the Debtor's privacy, the Court will not discuss specifics of the responses in this order. However, the original response, written by "West Legal Group, PLLC," certainly violates the duty of confidentiality. The response discusses the Debtor's specific circumstances, discusses information from a prior case filed by the Debtor, and ultimately accuses the Debtor of "misusing the bankruptcy court system." The Court believes that the governing ethics rules provide that it is unacceptable for an attorney to publicly disclose such information or make such allegations as a response to a Google review.[37]

---

[34] Tex. Disciplinary Rules Prof'l Conduct R. 5.03.
[35] *Id.* R. 5.03 cmt 1 (emphasis added).
[36] ECF No. 25.
[37] To Mr. West's credit, he also uploaded his edited review response, which largely adopts the language suggested by Texas Ethics Opinion 662.

**C. Mr. West's other cases in this district raise significant concerns about his standards of practice and requires the Court to examine whether sanctions including civil penalties are warranted for his failure to meet his duties as a Debt Relief Agency.**

According to the Western District of Texas records, Mr. West was admitted to practice in this district on March 19, 2025. A search of the online docketing system reveals that since then, Mr. West has filed nine chapter 13 cases, representing six individuals or couples. A review of the docket in these cases raises more concerns to this Court about the overall quality of Mr. West's chapter 13 practice. Mr. West has yet to successfully confirm a chapter 13 plan in this district. In almost all of Mr. West's cases, at least one document was dismissed for failure to comply with the Local Rules. Often he failed even to attempt to correct such deficiencies. In any case, his cases were dismissed for various reasons:

| Case Number | Case Caption | Disposition | Filings Dismissed for Noncompliance with Local Rules |
|---|---|---|---|
| 25-52671-cag | In re Derek Troy Wagner | Confirmation denied | 2 |
| 25-52720-cag | In re Derek Troy Wagner | Case dismissed for failure to file documents | 3 |
| 26-50880-mmp | In re Derek Troy Wagner | Case dismissed for failure to file documents | 1 |
| 25-70187 | In re Trinidad Jaime Sarabia Vazquez | Dismissed on debtor's motion | 2 |
| 26-10200 | In re Bryan A. Solis | Dismissed for failure to attend 341(a) meeting | 0 |
| 26-50058 | In re Warren Maurice Tripplett and Julia Alexandria Tripplett | Dismissed for failure to file e-dec | 3 |
| 26-50332 | In re Warren Maurice Tripplett and Julia Alexandria Tripplett | Dismissed for failure to file a plan | 2 |

| 26-70012 | In re Rahman Abdual Franklin | Dismissed sua sponte for failure to file a plan and failure to attend confirmation hearing | 4 |
|---|---|---|---|

The Court recognizes that it cannot have a complete understanding of what may have happened in cases that were not before it. The Court is also well aware of the unique challenges of consumer bankruptcy practice and acknowledges that, for example, documents cannot be filed if a client does not provide them. However, hundreds of chapter 13 cases are filed in this Court every year, overwhelmingly by professional and competent attorneys who do their best to meet deadlines and comply with local rules. Regardless of the challenges of this practice area, there are still standards of practice that must be met, and the Court is concerned that Mr. West has not reached those minimum standards.

A docket search of the online system of the U.S. Bankruptcy Court for the Southern District of Texas reflects that, unfortunately, Mr. West's conduct has raised similar concerns there.[38] As in that district, our table of Mr. West's cases "reflects a 100% failure rate."

As Judge Isgur noted in his order in the Southern District, Mr. West is classified as a "debt relief agency" under governing law. He is therefore required not to "fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title."[39] A review of the remarkable percentage of non-compliant filings and especially the number of filings that he didn't even attempt then to correct and refile properly, the Court is concerned that Mr. West may be regularly in violation of these duties.

## Conclusion

This Court will hold a Show Cause Hearing in this matter on **July 21, 2026**. Prior to the hearing, Attorney Brian West must file a written response.

---

[38] *See* Order for Brian Steven West to Appear and Show Cause as to Why He Should Not Be Sanctioned Under 11 U.S.C. § 526(c)(5)(B), *In re Sergio Lucio et. al*, Case No. 26-30103, at ECF No. 34 (Bankr. S.D. Tex. April 22, 2026).
[39] 11 U.S.C. § 526(a)(1); *Milavetz, Gallop & Milavetz, P. A. v. United States*, 559 U.S. 229, 236 (2010).

**IT IS THEREFORE ORDERED** that on or before **July 14, 2026**, Attorney Brian West shall show cause in writing why he should not be subject to sanctions, including, but not limited to, sanctions under 11 U.S.C. § 526(c)(5)(B) and/or referral to the District Discipline Committee, for the conduct detailed in this order.

**IT IS FURTHER ORDERED** that Attorney Brian West shall appear at a Show Cause Hearing **in person** in Austin Courtroom 2 on **July 21, 2026**, at 1:45 p.m. CT.

**IT IS FURTHER ORDERED** that the Clerk of Court shall cause a copy of this order to be served on the Debtor, Shan'a Wallace. Ms. Wallace may, but is not required to, appear at the Show Cause Hearing. Ms. Wallace does not have to appear in person and may appear via Zoom at https://www.zoomgov.com/my/bradley.txwb or Meeting ID: 160 1114 1085.

**IT IS FURTHER ORDERED** that the Clerk of Court shall cause a copy of this order to be served on the United States Trustee.

# # #