**THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 26-10649-CGB** |
| | § | |
| **SHAN'A L. WALLACE** | § | **CHAPTER 13** |
| **Debtor** | § | |
| | § | **JUDGE: CHRISTOPHER G. BRADLEY** |

**RESPONSE OF ATTORNEY BRIAN S. WEST TO ORDER TO SHOW CAUSE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Attorney Brian S. West, and in response to the Court's Order to Show Cause entered June 23, 2026, respectfully states as follows:

Mr. West acknowledges the Court's concerns and takes them seriously. He does not seek to minimize the Court's authority, the importance of client confidentiality, or the obligation of counsel to exercise diligence, candor, and professionalism before this Court. After reviewing the Court's order, the Response filed at ECF No. 23, and the Affidavit of Brenda D. Lopez, Mr. West submits that sanctions, disciplinary referral, or other punitive action are not warranted on the present record, though he recognizes that certain aspects of the filings could have been handled more carefully.

## INTRODUCTION

This matter arose from an emergency Chapter 13 filing in which the Debtor's case required prompt action, additional documents, and continued client cooperation to complete the schedules and plan. Mr. West respectfully submits that the record shows an attempt, albeit imperfect, to communicate with the Debtor, obtain the necessary materials, and preserve her ability to proceed under Chapter 13.

To the extent the Court is concerned about the tone, form, and content of the Response filed at ECF No. 23, Mr. West acknowledges that the pleading should have been drafted more narrowly and with greater attention to the distinction between defending counsel's conduct and advocating against a former client. Mr. West also acknowledges that the inclusion of certain background facts and exhibits was overbroad considering the confidentiality concerns identified by the Court. Those concerns were not intended to disadvantage the Debtor, but Mr. West understands the Court's concern and regrets that the filing created that impression.

## RESPONSE TO THE COURT'S SPECIFIC CONCERNS

### A. The Response was intended to defend counsel's conduct, not to act as an adversarial filing against the Debtor.

The Court noted that the Response styled Mr. West and West Legal Group, PLLC as "Respondents" and observed that the pleading requested denial of the Debtor's Motion to Vacate dismissal. Mr. West recognizes the Court's concern that, after withdrawal or at least the effective end of the attorney-client relationship, counsel should not appear to use former-client information or act in a manner adverse to the former client except as permitted by the governing rules.

The Response was prepared in the context of defending against allegations that counsel had failed to act competently or had misled the Debtor. Mr. West's purpose was to explain the history of the representation and show that the dismissal resulted from a breakdown in communication and the Debtor's failure to provide required documents, rather than from neglect or misconduct by counsel. In hindsight, counsel should have more carefully limited the filing to

the issues necessary to respond to the allegations and should have avoided language that could be read as directly opposing the Debtor beyond what was necessary.

**B. Any disclosure of client-related information was made while defending against accusations concerning the representation.**

The Court's Order cites Texas Disciplinary Rules of Professional Conduct 1.05 and related authorities regarding confidentiality. Mr. West does not dispute the seriousness of those duties. He respectfully submits, however, that the information included in the Response was offered only to the extent counsel believed it was relevant to answering allegations concerning his representation of the Debtor, including the Debtor's communications, document production, and cooperation.

Under the Texas Disciplinary Rules, a lawyer may reveal confidential information in certain defensive circumstances, including responding to allegations concerning the lawyer's representation of the client. Mr. West's intent was to place the Court in a position to evaluate whether the representation had broken down because of client noncooperation and whether dismissal resulted from that breakdown rather than any abandonment by counsel. In doing so, Mr. West attempted to restrict the disclosure to information he believed was necessary for that purpose.

To the extent the Court concludes that the Response went further than necessary, Mr. West respectfully submits that the overbreadth was not intentional misconduct, but an error in judgment made during a fast-moving contested matter. Mr. West apologizes for that error.

**C. The affidavit of Brenda Lopez reflects substantial efforts to assist the Debtor in completing the case.**

The Lopez Affidavit shows that West Legal Group, PLLC made repeated efforts to obtain the documents necessary to complete the Debtor's Chapter 13 case. It states that staff communicated with the Debtor by email and telephone, explained the missing materials, provided deadlines, discussed the proposed plan, advised regarding the automatic stay issue, and attempted to assist the Debtor outside normal business hours.

Mr. West relies on that affidavit to show that the firm did not simply abandon the Debtor or ignore the case. The factual record shows that the firm was trying to move the matter forward, but the Debtor did not timely provide all information and executed materials needed for filing. That circumstance does not excuse every defect in counsel's filings, but it does bear on whether the firm acted in bad faith or with an improper purpose. Mr. West submits that it did not.

**D. Counsel does not defend the firm's response to the Debtor's online review.**

The Order expresses concern about the firm's public response to an online review posted by the Debtor. Counsel does not defend that response and does not argue that it was permitted. Texas Ethics Opinion 662 forecloses the argument: a former client's negative online review does not trigger the self-defense exception in Rule 1.05(c)(5), and a lawyer's public response to such a review may not reveal confidential information. Tex. Comm. on Prof'l Ethics, Op. 662 (Aug. 2016). Counsel did not locate Opinion 662 before the response was posted. He has since read it, and he accepts that it states the governing rule and that the firm's response did not comply with it.

**The Debtor posted her review on or about May 22, 2026. A response was posted from the firm's Google Business account the same day. Counsel first read that response on June 17, 2026, and caused it to be removed that day. It was publicly visible for approximately twenty-six days. Counsel does not know of the posting's existence to have been brought to**

**his attention before June 17, and does not suggest that the delay reflects anything other than his own failure to monitor communications published under the firm's name.**

Counsel does not characterize the posting in the abstract, because the Court has read it. It disclosed that the Debtor had been a Chapter 13 client of the firm; counsel's account of why her case was dismissed; that the firm had prepared and filed a motion for her at no additional charge; and that a prior Chapter 13 case had been filed by her through another law firm a few months earlier. It stated that the firm "maintain[s] supporting records regarding the representation." And it characterized the Debtor as lacking accountability and as having misused the bankruptcy court system to delay her financial obligations. Every one of those statements concerned information counsel acquired by reason of the representation, and the posting used that information to the Debtor's disadvantage after the representation had ended. Rule 1.05(b)(3) prohibits precisely that. Counsel does not contend that the posting complied with the Rule. It did not.

Counsel further advises the Court that the posting was not accurate. The Debtor's case was not dismissed for failure to make plan payments. It was dismissed for failure to timely file a plan and schedules. [ECF No. — CONFIRM AGAINST THE DISMISSAL ORDER]. The firm therefore published, under its own name and on a public platform, a statement about a former client that was confidential in character and wrong in substance, and then built on that error to accuse her of misusing the bankruptcy system. Counsel does not minimize that; it is worse than an unauthorized disclosure alone. Counsel notes only that an attorney who had handled the case would have known the basis for its dismissal, and that the posting's failure to state it correctly is consistent with counsel's representation that he did not draft or review it. He offers that observation because the Court is entitled to the fact, not as an excuse. A false and confidential statement published under the firm's name is counsel's responsibility regardless of who typed it.

Counsel does not offer his lack of knowledge as a defense, because it is not one. Rule 5.03(b)(1) subjects a lawyer to discipline for a nonlawyer's conduct that the lawyer orders, encourages, or permits. Rule 5.03(a) separately requires a lawyer having direct supervisory authority over a nonlawyer to make reasonable efforts to ensure that the person's conduct is compatible with the lawyer's professional obligations. Counsel did not order or encourage this posting. He recognizes, however, that a firm which had no policy on the subject may fairly be said to have permitted it, and that in any event Rule 5.03(a) is not satisfied by a supervising lawyer's not knowing. At the time of the posting the firm had no written policy prohibiting staff from responding publicly to reviews by clients or former clients, and no procedure requiring attorney review before such a response was posted. That the response went up without counsel's knowledge is not an excuse for the disclosure; it is the failure that permitted it. Counsel accepts responsibility and does not attribute the disclosure to anyone else. He states that he did not authorize the posting only because the Court is entitled to know whether the disclosure was directed or was the product of an absent policy. It was the latter, and the absent policy was counsel's.

Counsel has since adopted a written policy under which no member of the firm's staff may respond publicly to any review, comment, or other online communication concerning a client or former client, under any circumstance. Any response to an online review must be reviewed and approved by counsel personally before it is posted. Where a response is made, it will be confined to the proportional and restrained form contemplated by Opinion 662 — a statement that discloses no confidential information and that, if necessary, does no more than state that counsel's professional obligations do not permit a substantive reply. Counsel has restructured the

firm's office procedures, has addressed the confidentiality and supervision obligations directly with every member of the staff, and personally reviews case drafting and filings.

The employee who posted the response is no longer employed by the firm. Counsel does not offer that fact as remediation. The failure that produced the posting was counsel's own failure to adopt a policy and to supervise, and no personnel change cures it.

## RESPONSES TO THE REFERENCED ADDITIONAL CASES

**A. Derek Troy Wagner, Case No. 25-52671-CAG — Confirmation denied.**

Mr. Wagner retained West Legal Group, PLLC to file a Chapter 13 case to stop a foreclosure on his residence. Confirmation was denied because the Chapter 13 Plan Summary was not accompanied by a Certificate of Service. That omission was a clerical error in counsel's office. Counsel does not attribute it to the client and accepts responsibility for it.

**B. Derek Troy Wagner, Case No. 25-52671-CAG — Case dismissed for failure to file documents.**

This paragraph and Paragraph A describe two events in the same case, No. 25-52671-CAG, and not two separate filings. Following the denial of confirmation, the case was dismissed because the Chapter 13 Plan Summary was not accompanied by a Certificate of Service. That omission was again a clerical error in counsel's office. Counsel was preparing an amended Plan Summary when the case was dismissed. Counsel accepts responsibility for the error.

**C. Derek Troy Wagner, Case No. 26-50880-MMP.**

West Legal Group, PLLC filed a second Chapter 13 case for Mr. Wagner. Mr. Wagner subsequently requested that the case be dismissed, and the case was dismissed at his request.

**D. Trinidad Jaime Sarabia Vasquez, Case No. 25-70187 — Dismissed on debtor's motion.**

Mr. Vasquez retained West Legal Group, PLLC to file a Chapter 13 case to stop a foreclosure on his residence. After the petition and plan were filed, Mr. Vasquez requested that the case be dismissed. A Notice of Voluntary Dismissal was filed and the case was dismissed at his request, as the docket reflects.

**E. Bryan A. Solis, Case No. 25-50058 — Dismissed for failure to attend 341(a) meeting.**

Mr. Solis retained West Legal Group, PLLC to file a Chapter 13 case to stop a foreclosure on his residence. Mr. Solis thereafter elected not to proceed and abandoned the case, and the case was dismissed.

**F. Warren Maurice Tripplett and Julia Alexandria Tripplett, Case No. 26-50058 — Dismissed for failure to file an e-file declaration.**

Mr. and Mrs. Tripplett retained West Legal Group, PLLC to stop a foreclosure on their residence. The signed Declaration of Electronic Filing was not filed. That omission was a clerical error in counsel's office, and counsel accepts responsibility for it.

**G. Warren Maurice Tripplett and Julia Alexandria Tripplett, Case No. 26-50332 — Dismissed for failure to file a plan.**

Counsel filed a second case for Mr. and Mrs. Tripplett. The Trippletts thereafter elected not to proceed and abandoned the case. Counsel attempted to contact them in order to file a voluntary dismissal and received no response, and the case was dismissed.

**H. Rahman Abdual Franklin, Case No. 26-70012 — Dismissed sua sponte for failure to file a plan and failure to attend confirmation hearing.**

Mr. Franklin retained West Legal Group, PLLC to file a Chapter 13 case to stop a foreclosure on his residence. Mr. Franklin abandoned the case and ceased contact with counsel. Counsel attempted to reach him and received no response, and the case was dismissed.

The clerical errors described in Paragraphs A, B, and F occurred in work performed by a paralegal assigned to counsel's cases in this District, whose performance materially declined during the relevant period and who did not bring that fact to counsel's attention. Counsel does not offer that as an excuse. Responsibility for supervising nonlawyer assistants under Rule 5.03, and for the accuracy of every document filed over counsel's signature, rests with counsel alone. That paralegal is no longer employed by the firm, and counsel has changed the review procedures described below so that the same omissions are caught before filing rather than after dismissal.

Counsel respectfully submits that these matters do not establish intentional noncompliance. Three of them — Paragraphs A, B, and F — were lost to clerical omissions in counsel's own office. Counsel does not suggest those reflect well on his practice; he submits only that they were negligent rather than intentional, and that they have been addressed. In the remaining five matters, the debtors themselves requested dismissal or elected not to proceed with their cases. Counsel does not ask the Court to overlook the first category. He asks only that the second category not be counted against him.

## OFFICE POLICIES AND REMEDIAL MEASURES

Counsel respectfully advises the Court that West Legal Group, PLLC maintains policies and procedures designed to ensure compliance, including:

a. Initial consultation with the Debtor(s);

b. Document collection and review before filing;

c. Debtor review of drafted schedules and plan;

d. Interview for Debtor(s) creditor meeting preparation;

e. Ongoing communications by telephone and email; and

f. Attorney supervision of case development.

To address the Court's concerns, counsel is implementing additional safeguards, including:

- a mandatory pre-filing checklist verifying that every petition, plan, schedule, and motion is accompanied by the certificate of service, declaration, and proposed order required by the Local Rules;
- calendar confirmation for all hearings with redundant reminder alerts;
- written backup assignment protocols when staff illness interferes with case handling;
- mandatory documentation of all client nonresponse efforts;
- review of office procedures for handling client communications and online reviews;
- restriction on any public response by staff concerning client matters;
- a written withdrawal protocol requiring a motion to withdraw conforming to L. Rule 9010-1(a) in every case in which the representation ends before the case closes;
- attorney review before any filing that references former client communications;

- ensuring that future responses are narrowly tailored to the issues presented; and
- if the Court believes it appropriate, additional training regarding confidentiality and supervision obligations.

Mr. West respectfully submits that remedial measures are more appropriate than sanctions on this record. The paralegal responsible for the omissions described above is no longer employed by the firm. Counsel has since hired two bankruptcy paralegals and a legal assistant, each of whom has been trained on the firm’s updated policies and procedures.

**LEGAL STANDARD**

Counsel for consumer debtors is a “debt relief agency” within the meaning of the Bankruptcy Code. Milavetz, Gallop & Milavetz, P.A. v. United States, 559 U.S. 229 (2010). Section 526(a)(1) prohibits a debt relief agency from failing to perform any service that it informed an assisted person it would provide in connection with a bankruptcy case. 11 U.S.C. § 526(a)(1). If a debt relief agency intentionally violates § 526, the Court may impose civil sanctions, including injunctive relief and an appropriate civil penalty. 11 U.S.C. § 526(c)(5)(B). The Supreme Court has recognized that consumer bankruptcy attorneys are “debt relief agencies” under the Bankruptcy Code, but that status alone does not establish sanctionable misconduct.

Section 526(a)(1) prohibits a debt relief agency from failing to perform any service it informed an assisted person it would provide. 11 U.S.C. § 526(a)(1). The remedies in § 526(c)(5) are not triggered by a mere mistake. The Court may impose injunctive relief or an appropriate civil penalty only upon a finding that a person “intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section.” 11 U.S.C. § 526(c)(5).

The statute therefore requires more than an adverse outcome or a missed deadline. It requires either intentional nonperformance or a clear and consistent pattern or practice of nonperformance. See In re Huffman, 505 B.R. 726, 765-66 (Bankr. S.D. Miss. 2014). Counsel respectfully submits that the record establishes neither.

The Order references several other cases and characterizes the outcomes as a “100% failure rate.” As set forth above, three of those matters were dismissed because of clerical omissions in counsel’s office, and the remainder were dismissed because the debtors requested dismissal or abandoned their cases. A dismissal in the latter category is not evidence of attorney misconduct. Consumer bankruptcy practice frequently involves emergency filings, incomplete information at intake, delayed document production, shifting client goals, and dismissals for debtor-caused reasons. A dismissal does not establish attorney wrongdoing.

With respect to confidentiality, Rule 1.05(b)(1) of the Texas Disciplinary Rules of Professional Conduct prohibits a lawyer from knowingly revealing confidential information of a client or former client. Rule 1.05(c)(5) permits disclosure that the lawyer reasonably believes necessary to defend the lawyer or the lawyer’s employees or associates against a claim of wrongful conduct, but that exception reaches only what the defense actually requires. As to public responses to online criticism, the Professional Ethics Committee for the State Bar of Texas has concluded that the exceptions to Rule 1.05 cannot reasonably be interpreted to permit public disclosure of a former client’s confidences merely because the former client has posted negative comments about the lawyer on the internet, and that a lawyer’s public response must be proportional, restrained, and free of confidential information. Tex. Comm. on Prof’l Ethics, Op. 662 (Aug. 2016); accord ABA Comm. on Ethics & Prof’l Responsibility, Formal Op. 496 (2021). Counsel accepts that Opinion 662 states the governing standard and does not contend otherwise.

The Court has authority to regulate the attorneys appearing before it under its inherent powers, its local rules, and 11 U.S.C. § 105(a). See Cunningham v. Ayers (In re Johnson), 921 F.2d 585, 586-87 (5th Cir. 1991); Fed. R. Bankr. P. 9011; W.D. Tex. Att'y R. AT-7. Counsel does not dispute that authority. Where a bankruptcy court exercises its inherent sanction power, however, the sanction is sustained only if the court finds that the party acted in bad faith or willfully abused the judicial process and that finding is supported by clear and convincing evidence. Cadle Co. v. Moore (In re Moore), 739 F.3d 724, 729-30 (5th Cir. 2014); accord Kreit v. Quinn (In re Cleveland Imaging & Surgical Hosp., L.L.C.), 26 F.4th 285 (5th Cir. 2022); Crowe v. Smith, 261 F.3d 558, 563 (5th Cir. 2001); Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). In Moore, the Fifth Circuit set aside a bankruptcy court's inherent-power sanction because, although the record gave the bankruptcy court reason for suspicion, suspicion is not clear and convincing evidence of bad faith. 739 F.3d at 729-31.

Mr. West does not dispute that authority. He respectfully submits that discipline should be reserved for conduct reflecting actual abuse, bad faith, or a clear ethical violation, and that the present record instead shows a difficult representation, an imperfect responsive pleading, and an absence of any intent to misuse the Court process.

## ARGUMENT

### A. There is no basis on this record for sanctions under 11 U.S.C. § 526(c)(5)(B).

The Court's order references possible sanctions under 11 U.S.C. § 526(c)(5)(B). That provision permits sanctions where a debt relief agency intentionally fails to perform a duty imposed by 11 U.S.C. § 526. Mr. West respectfully submits that the documentary record does not support the finding that he failed to perform the services he undertook. The affidavit reflects repeated

communications, repeated requests for missing documents, and attempts to move the case toward completion.

The failure of the case to proceed to confirmation, and the need for extension and correction filings, arose from the Debtor's failure to timely provide all materials and from the resulting inability to complete the necessary filings. That is not the same as a willful refusal to perform services promised to the client.

**B. Referral to the District Disciplinary Committee is not warranted on the present record.**

The Court has authority to refer counsel for discipline if it believes the facts warrant it. But the record here supports a more limited response. The Response was ill-advised in tone and breadth, but not, in Mr. West's view, evidence of intentional exploitation of client confidences or a pattern of dishonesty before the Court.

The affidavit from Ms. Lopez further demonstrates that the firm was actively engaged in trying to assist the Debtor, and that the issues in the case were tied to missing information and cooperation problems, not a deliberate abandonment of the client. Mr. West respectfully asks the Court to consider that context before imposing any disciplinary consequence.

## CONCLUSION

Mr. West respectfully apologizes to the Court for any filing or conduct that created the impression of disrespect for the Court's ethical concerns. He understands the Court's emphasis on confidentiality, professionalism, and careful supervision of staff. While he believes sanctions are unwarranted, he accepts responsibility for ensuring that future filings and communications fully comply with the standards expected in this District.

For the foregoing reasons, Attorney Brian S. West respectfully requests that the Court decline to impose sanctions, decline to refer this matter for discipline, and grant such other and further relief as the Court deems just and proper.

Date: July 14, 2026

Respectfully submitted,

**WEST LEGAL GROUP, PLLC**

/s/ Brian S. West
**BRIAN S. WEST**
9450 Pinecroft Dr. Unit
7385
Spring, Texas 77387
Phone: 713-588-9099
Email: info@westlegalgroup.com

**THE UNITED STATES BANKRUPTCY THE**
**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 26-10649-CGB** |
| | § | |
| **SHAN'A L. WALLACE** | § | **CHAPTER 13** |
| **Debtor** | § | |
| | § | **JUDGE: CHRISTOPHER G. BRADLEY** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing *Response Of Attorney Brian S. West to Order of Show Cause,* was served upon the following entities by United States Mail, first class, and/or via the Court's electronic filing system, upon all parties entitled to notice on this the 14th day of July 2026.

**Debtor**
Shan'a L. Wallace
369 LBJ Lane
Kyle, Texas 78640

**Trustee**
Deborah B. Langehennig
PO Box 91419
Austin, Texas 78709
mschoppe@ch13austin.com

**Trustee**
United States Trustee,
Matrix 903 San Jacinto Blvd, Suite 230
Austin, Texas 78701

**Unsecured Creditors**
Please see attached Creditor

Respectfully submitted,

**WEST LEGAL GROUP, PLLC**

/s/ Brian S. West
**BRIAN S. WEST**
9450 Pinecroft Dr. Unit 7385
Spring, Texas 77387
Phone: 713-588-9099
Email: info@westlegalgroup.com

# Creditor Matrix

AmerCredit Financial Services, Inc.
Post Office Box 183853
Arlington, Texas 76096-3853

Ecoshield
275 E Rivulon Blvd, Suite 106
Gilbert, AZ 85297

Freedom Mortgage
951 Yamato Road, Suite 175
Boca Raton, FL 33431

Nelnet
121 South 13th Street, Suite 100
Lincoln, NE 68508

Safe Haven Security
520 E 19th Ave
North Kansas City, MO 64116

Sprint PCS/ T-Mobile
500 E Ben White Boulevard, Suite 300
Austin, Texas 78701

Talavera Residential Community Inc,
11950 Jollyville Road
Austin, Texas 78701

University of Federal Credit Union
8303 N Mopac Expy
Austin, Texas 78759

Verizon Wireless
9701 Dessau
Austin, Texas 78701