

**The relief described hereinbelow is SO ORDERED.**


**Signed August 06, 2026.**

_____
**CHRISTOPHER G. BRADLEY**
**UNITED STATES BANKRUPTCY JUDGE**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| **In re:** | § § § | |
| **SHAN'A WALLACE,** | § § § | **Case No. 26-10649-cgb** **Chapter 13** |
| **Debtor.** | § § § | |

## ORDER SANCTIONING ATTORNEY BRIAN WEST

On June 23, 2026, this Court issued an *Order for Attorney Brian West to Show Cause* (the "Show Cause Order") [ECF No. 30], directing Attorney Brian West to show cause why he should not be subject to sanctions, including, but not limited to, sanctions under 11 U.S.C. § 526(c)(5)(B) and/or referral to the District Disciplinary Committee. Mr. West filed a timely response on July 14, 2026.[1] The Court held a show cause hearing on July 21, 2026.

As detailed in the Show Cause Order, the Court's concerns in this case arose out of 1) Mr. West's response to his former client's pro se motion to vacate an order

---

[1] ECF No. 34.

1

for summary dismissal, specifically that the response advocated against his former client's interests and divulged privileged communications, and 2) a Google Maps review response posted by Mr. West's firm that included client information. The Court also expressed concerns with the overall quality of Mr. West's chapter 13 practice in this district. The Court will discuss each concern in turn.

## Legal Background

Attorneys practicing in this district are bound by the Texas Disciplinary Rules of Professional Conduct.[2] Under those rules, an attorney who no longer represents a client still has obligations to protect the former client's information confidential.[3] Specifically, an attorney "shall not knowingly use confidential information of a former client to the disadvantage of the former client after the representation is concluded unless the former client consents after consultation or the confidential information has become generally known."[4]

These obligations have limited exceptions. Relevant here, an attorney may disclose confidential information "to the extent reasonably necessary to enforce a claim or establish a defense on behalf of the lawyer in a controversy between the lawyer and the client" and "to establish a defense to a criminal charge, civil claim or disciplinary complaint against the lawyer or the lawyer's associates based upon conduct involving the client or the representation of the client."[5] An attorney may reveal *unprivileged* client information "when the lawyer has reason to believe it is necessary to do so" to "defend the lawyer . . .against a claim of wrongful conduct" or "respond to allegations in any proceeding concerning the lawyer's representation of the client."[6]

---

[2] W.D. Tex. Att'y R. AT-7(a).

[3] *See generally* Tex. Disciplinary Rules Prof'l Conduct R. 1.05, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9)); *id.* R. 1.09; *id.* R. 1.16.

[4] *Id.* R. 1.05(b)(3). In Texas, the term "confidential information" encompasses both privileged information and unprivileged information. *Id.* R. 1.05(a). Privileged information is information protected by an attorney-client privilege, while unprivileged information is defined as "all information relating to a client or furnished by the client, other than privileged information, acquired by the lawyer during the course of or by reason of the representation of the client." *Id.*

[5] *Id.* R. 1.05(c)(5) and (6).

[6] *Id.* R. 1.05(d)(2)(ii) and (iii).

## Analysis

### A. Mr. West does not appear to sufficiently understand the applicable ethical standards with regard to client confidentiality.

Mr. West's client, the debtor, filed a pro se motion to vacate summary dismissal order alleging, among other things, that Mr. West failed to communicate with her and was unlicensed. However, the Court did not issue the Show Cause Order because of the debtor's motion. The Court issued the Show Cause Order because of Mr. West's conduct in *responding* to the debtor's motion to vacate and because of the Google review response, discussed in a later section, of which the Court became aware when Mr. West filed it as an exhibit on the docket of this case.

The Court explained its concerns about Mr. West's conduct in the Show Cause Order and at the show cause hearing. Yet both Mr. West's filed response to the Show Cause Order and his arguments at the hearing generally fixated on his former client's alleged non-communication and his firm's attempts to communicate with the client during the representation.

Again, most of the issues in the Show Cause Order arose out of the conduct of Mr. West and his firm *after* he no longer represented the debtor.[7] The Court is unsettled by counsel's apparent continued misunderstanding of his ethical responsibilities and of the conduct that breached the duty to the debtor.

Further, Mr. West does not appear to understand the difference between privileged and unprivileged information under the Texas Rules of Disciplinary Conduct and when the disclosure of each is acceptable. His disclosure of client communications and privileged client information in response to the motion to vacate was not permissible, as there was no "controversy between the lawyer and the client" at that time and it was not a "disciplinary complaint against the lawyer."[8] His disclosure of unprivileged client information was, however, likely permissible.[9]

---

[7] The Show Cause Order did discuss Mr. West's failure to file a compliant motion to extend time after the one filed in this case was dismissed for noncompliance with the local rules. This did happen during Mr. West's representation of the debtor but was not addressed by Mr. West in his response or at the show cause hearing.

[8] Tex. Disciplinary Rules Prof'l Conduct R. 1.05(c).

[9] *Id.* 1.05(d)(iii).

**B. Mr. West's handling of the Google Review response was ultimately satisfactory.**

As detailed in the Show Cause Order,[10] West Legal Group, PLLC posted a response to a negative Google review by the debtor that impermissibly revealed information about the debtor's case. In his response and at the show cause hearing, Mr. West took responsibility for this posting, which he explained was published by one of his employees without his knowledge. The review response was later edited to comply with applicable ethics rules.

Mr. West explained that his firm has taken remedial actions to ensure that future review responses are compliant with the Texas Disciplinary Rules of Professional Conduct, including training his staff and implementing a policy that Mr. West must review and approve all online responses. The Court appreciates Mr. West's candid acceptance of his responsibility for this matter and is encouraged by his proposed policy changes. The Court will not impose sanctions because of the Google review response.

**C. The Court's remains concerned with Mr. West's response to the Show Cause Order.**

Mr. West's response claims that he was not aware of his firm's Google review response before June 17, 2026.[11] The initial testimony about this Google review response was at the hearing on June 16, 2026, and the Court issued an order[12] on June 16, 2026, ordering Mr. West to preserve and produce the Google review response by the next day.

Most concerning to the Court is this: as explained in the Show Cause Order, part of the Google review response that on its own violates applicable ethics rules *was filed as an exhibit by Mr. West on the docket in this case on June 11, 2026*.[13] The Court previously expressed its skepticism that Mr. West had reviewed his response to the debtor's motion to vacate prior to the hearing on June 16, 2026. Now, it seems obvious that if Mr. West *had* in fact reviewed (or sufficiently reviewed) these filings, as he claims, he would certainly have been aware of the Google review response. Thus, the Court is left with no other conclusion than that he either failed

---

[10] ECF No. 30 at 6–7; *see also* ECF No. 27 (copies of the Google Review responses, restricted from public access).

[11] ECF No. 34 at 4–5.

[12] ECF No. 25.

[13] Brian West Ex. I, ECF No. 24-9, at 1, 2; *see also* "[Brian West]'s Response in Opposition to Debtor's Motion to Vacate Order of Dismissal," ECF No. 23, at 6.

to review the documents and lied to the Court about it; or that his "review" was cursory at best.

At the show cause hearing, with regard to the filing opposing his client, Mr. West stated that while he reviewed the document itself, "the title probably got past me."[14] However, this is completely implausible. While the title, "Respondent's Response in Opposition to Debtor's Motion to Vacate Order of Dismissal," is both incorrect (Brian West was not a respondent) and improper (advocating against his former client), the title does not substantively differ from the contents of the response. The response begins by arguing against the debtor's requested relief: "The Debtor's request that the Court vacate the dismissal of this Chapter 13 case should be denied because the Debtor has not established any basis for relief under the Federal Rules of Bankruptcy Procedure and applicable law."[15] The subheadings of the argument section read, "Debtor has not established a legal basis to vacate the dismissal," "Counsel-related complaints to not, by themselves, justify reinstating the case," "Debtor's request for additional time does not justify relief on this record," and "Debtor is not entitled to punitive or other affirmative relief against Respondents."[16] The response concludes with Mr. West requesting that "the Court deny Debtor's Motion to Vacate Dismissal in its entirety" and includes as an exhibit a proposed order denying debtor's motion to vacate order of dismissal.[17]

It is apparent, as conceded, that Mr. West failed to review the title of this document. But *contrary to his representations to this Court*, this Court believes it is equally apparent that he failed to review its contents, despite his obligation to do so. And it seems likely to be the case that he was dishonest with the Court about his involvement (or lack thereof) in the drafting and filing of this document and its exhibits.

### D. The Court's concerns with Mr. West's general practice.

At the show cause hearing, Mr. West and counsel for the United States Trustee both discussed the show cause order issued by Judge Isgur in the Southern District of Texas. Counsel for the United States Trustee explained to the Court that Judge Isgur ordered Mr. West to meet with a chapter 13 trustee in that district to discuss best practices in chapter 13 cases. Judge Isgur is reportedly satisfied with Mr. West's progress in that district. Because Mr. West has filed no new cases in the

---

[14] Audio Recording of 7/21/2026 Hr'g.
[15] ECF No. 23 at 1.
[16] *Id.* at 6, 7, 8.
[17] *Id.* at 9, ECF No. 23-1 at 1.

Western District of Texas, the Court is at this time unable to evaluate any improvement.

### E. Sanctions

The Court recognizes that Mr. West's general quality of representation may increase in the Southern District of Texas after mentorship and education. However, Mr. West's failure to understand and abide by his basic ethical duties in this case demonstrates to the Court that further education is needed. Therefore, the Court will order Mr. West to complete ten hours of continuing legal education. The Court also encourages Mr. West to continue seeking out mentorship and development of his chapter 13 practice skills prior to taking on any new cases in this district. The Court recognizes the need for consumer bankruptcy practitioners, but the need for, and the difficulty of, this work does not justify pervasive failures to abide by ethical duties or making misrepresentations to a court.

Under 11 U.S.C. § 329(a) and Local Rule 2016-1(a), an attorney representing a debtor is required to "file with the Court a statement of compensation paid or agreed to be paid."[18] Mr. West did not file such statement in this case. However, the record reflects that the debtor in this case paid $2,000 for services, $1,500 of which was refunded to the debtor after she disputed the charge with her bank.[19] The Court will order Mr. West to disgorge the remaining $500 to the debtor.[20] He should file this statement in all future cases or prepare to have his fees disgorged and further sanctions imposed.

The Court will also refer Attorney Brian West to the Western District of Texas Disciplinary Committee to determine what, if any, conditions should be imposed on his ability to practice in this district. The Court will also request that the Disciplinary Committee consider whether Mr. West's conduct warrants reporting to either the Alabama State Bar or the State Bar of Texas.

The Court will decline at this time to issue sanctions under 11 U.S.C. § 526(c), although it is a close call. Ultimately, the record does not sufficiently reflect that

---

[18] *See also* Fed. R. Bank. P. 2016(a).

[19] Brian West Ex. A, ECF No. 24-1, at 1 (listing a pre-filing retainer of $2,000), Brian West Ex. A, ECF 35-2.

[20] The Court notes that Mr. West's response to the Show Cause Order lists several cases that Mr. West concedes were dismissed due to his office's clerical errors. The Court will not at this time order disgorgement of fees in any of these cases, but Mr. West should consider voluntarily providing such disgorgement as a showing of his good faith commitment to retaining fees only when he competently represents his clients.

Mr. West intentionally failed to file documents on behalf of any client or that any client's case was converted or dismissed specifically because of Mr. West's failure to file documents. However, remedies under this section remain very much a possibility going forward. Mr. West should remain cognizant of his responsibility to file documents that are compliant with the local rules of any court in which he chooses to practice and his responsibility to monitor each case for filings that are dismissed for noncompliance.

**IT IS THEREFORE ORDERED** that on or before **November 2, 2026**, Attorney Brian West shall complete 10 hours of accredited continuing legal education in addition to any minimum annual requirements he may be subject to by the Alabama State Bar. Each education credit shall be in the areas of (both) *legal ethics/professional responsibility and bankruptcy*. Mr. West shall file with the Court a certification of compliance with this Order, listing the courses and number of CLE credit hours completed for each, by no later than December 31, 2026.

**IT IS FURTHER ORDERED** that Attorney Brian West shall disgorge fees in the amount of $500 to the debtor, Shan'a Wallace, on or before August 14, 2026. Mr. West is ordered to file a notice of fees disgorged on the docket in this case on or before August 17, 2026.

**IT IS FURTHER ORDERED** that Attorney Brian West shall not fail to file the required disclosure of compensation in every future bankruptcy case in this district.

**IT IS FURTHER ORDERED** that the Clerk of Court shall cause a copy of this order to be served on the United States Trustee.

**IT IS FURTHER ORDERED** that the Clerk of Court shall cause a copy of this order to be served on David M. Gonzalez, Chair of the Western District of Texas Disciplinary Committee, at 1100 Guadalupe Street, Ste. B, Austin, Texas 78701.

### ###